UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Terrell Rhodes Montgomery,<br><br>                       Petitioner,<br><br>vs.<br><br>Mount Pleasant Police Department; and<br>Dorchester County Police Department,<br><br>                       Respondents.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     C/A No. 9:11-0502-HFF-BM<br><br><br><br>REPORT AND<br>RECOMMENDATION |

        The petitioner, Terrell Rhodes Montgomery, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2241 for habeas relief. Petitioner is a pretrial detainee at the Charleston County Detention Center, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Petitioner requests review of his pending state criminal case, immediate release from custody, and dismissal of "any and all charges related to this matter." ECF No. 1 at 9.

### *PRO SE* HABEAS REVIEW

        Under established local procedure in this judicial district, a careful review has been made of the *pro se* habeas petition filed in this case pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978).

        Nevertheless, this court is charged with screening the petitioner's habeas petition and



attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. *See also* Rule 1(b) of Rules Governing Section 2254 Cases in the United States District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

Petitioner's habeas petition asks this Court to intervene in his state criminal case. A federal court, however, should not equitably interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996); citing *Younger v. Harris*, 401 U.S. 37 (1971)(abstention doctrine for pending state judicial proceedings). In *Younger v. Harris*, the Supreme Court discussed how courts of equity should abstain from intervening in state court proceedings unless the petitioner has no adequate remedy at law and will suffer irreparable injury if denied equitable relief. *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). From *Younger* and its progeny, the Court of Appeals for the Fourth Circuit has culled the following test to determine when abstention is appropriate: "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." *Martin Marietta Corp. v. Maryland Comm'n on Human Relations*, 38 F.3d 1392, 1396 (4th Cir.1994) (citing *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

Petitioner's habeas petition states that he is currently detained and charged with



criminal offenses. Hence, as an ongoing state criminal proceeding exists, the first abstention prong is satisfied. The second criteria, implication of important state interests, is also satisfied since "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson*, 479 U.S. 36, 49 (1986). Regarding the third "adequate opportunity" criteria, the Supreme Court has noted "that ordinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights.' " *Gilliam v. Foster*, 75 F.3d at 904 (quoting *Kugler v. Helfant*, 421 U.S. 117, 124 (1975)). Therefore, Petitioner will have sufficient opportunity during his state criminal proceedings to raise his concerns regarding the investigation leading to his arrest, and the third abstention prong is satisfied.

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the petition for a writ of habeas corpus *without prejudice* and without requiring a response by the Respondents.

_____
Bristow Marchant
United States Magistrate Judge

April 19, 2011
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

3



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

